IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN BARROS, | ) | No. C 13-4162 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSAL WITH** |
| | ) | **LEAVE TO AMEND** |
| v. | ) | |
| | ) | |
| JEFFREY BEARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner at Salinas Valley State Prison, filed this pro se civil rights complaint under 42 U.S.C. § 1983.[1]  His application to proceed *in forma pauperis* is granted in a separate order.  The complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such

---

[1]He filed a request for emergency injunctive relief (dkt. 1), but as he had no pending case, the request is construed as a complaint.

relief. *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that prison officials are planning to transfer over 500 inmates from his prison to Avenal State Prison.  He alleges that there is a prevalence of "valley fever" at Avenal, and that a transfer to that prison presents a grave risk of contracting the illness.  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985).  A transfer, therefore, in and of itself is not actionable under Section 1983.  Nevertheless, prison officials' deliberate indifference to an inmate's

serious medical needs or to their safety violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Therefore, to the extent the transfer amounts to deliberate indifference to an inmate's serious medical needs or safety, it is actionable. The trouble with the complaint, however, is that Plaintiff does that he has been or will be one of the inmates selected to be transferred to Avenal. As a result, it cannot be discerned how the transfer risks his safety or medical needs, or how it otherwise affects him. Consequently, the complaint will be dismissed, but Plaintiff will be granted leave to file an amended complaint in which he alleges how he is affected by Defendant's actions and how Defendant is violating his constitutional rights.

## CONCLUSION

This case is DISMISSED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. Plaintiff is advised to use the Court's complaint form. The amended complaint **must** include the caption and civil case number used in this order (No. C 13-4162 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: November 8, 2013

_____
JEFFREY S. WHITE
United States District Judge

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

JOHN BARROS,

Case Number: CV13-04162 JSW

Plaintiff,

7

**CERTIFICATE OF SERVICE**

v.

8

JEFFREY BEARD et al,

9

Defendant.

10

_____/

11

12

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13

14

That on November 8, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17

John Barros
J59462

18

P.O. Box 705
Soledad, CA 93960

19

Dated: November 8, 2013

20

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28